UNITED STATES  DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DARRIN ROBINSON                          CIVIL ACTION

VERSUS                                   NUMBER: 12-0671

STEVE C. RADER                           SECTION: "R"(5)


## REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. §636(b) and Local Rule 73.2(A), presently before the Court is the 28 U.S.C. §2254 application for federal habeas corpus relief, as amended, of petitioner, Darrin Robinson, the State's response thereto, and petitioner's rebuttal to the State's response.  (Rec. docs. 1, 11, 19, 20).  For the reasons that follow, it is recommended that Robinson's petition be dismissed with prejudice.

Petitioner Robinson is a state prisoner who is presently incarcerated at the Dixon Correctional Institute, Jackson, Louisiana.  On December 8, 1988, petitioner pled guilty to carrying a concealed weapon, a violation of LSA-R.S. 14:95, in case No. 329-961 on the docket of the Criminal District Court for the Parish of Orleans, State of Louisiana.  (St. ct. rec., vol. 3 of 4).  Upon

entry of his guilty plea, Robinson was sentenced to forty-five days in the Orleans Parish Prison as well as a fine and court costs. (<u>Id</u>.).  On January 19, 1989, petitioner's sentence was amended to omit payment of the fine and to substitute in place thereof one hundred fifty hours of community service.  (<u>Id</u>.).  That community service was completed no later than May 4, 1989.  (<u>Id</u>.).

On March 29, 1990, Robinson pled guilty to a second charge of carrying a concealed weapon in case No. 341-472 on the docket of the Orleans Parish Criminal District Court and was thereupon sentenced to two years in prison, all of which was suspended except for ninety days, and two years of active probation thereafter. (St. ct. rec., vol. 1 of 4).  On September 26, 1991, petitioner's probation was revoked based upon his arrest for some property-related offenses for which he would subsequently be tried under case No. 344-417, the March 29, 1990 sentence was set aside, and he was sentenced to six months in Orleans Parish Prison with credit for time served.  (<u>Id</u>.).  It is those two firearm convictions that petitioner challenges in the instant habeas proceeding.

In addressing Robinson's petition, the Court is guided by a string of fairly recent opinions emanating from this District which, in turn, relied upon a body of clearly established federal law.  As recognized in those opinions, it is axiomatic that "...federal district courts have jurisdiction to entertain

petitions for writs of <u>habeas</u> <u>corpus</u> only from persons who are '<u>in</u> <u>custody</u> in violation of the Constitution or laws or treaties of the United States.'"  <u>Fields v. Cain</u>, No. 12-CV-2143, 2012 WL 6674032 at *1 (E.D. La. Dec. 20, 2012), <u>adopted</u>, 2012 WL 6673777 (E.D. La. Dec. 20, 2012)(quoting 28 U.S.C. §§2241(c)(3) and 2254(a)).  <u>See also</u>, <u>Emerson v. Louisiana</u>, No. 10-CV-1846, 2010 WL 5375984 at *2 (E.D. La. Nov. 18, 2010), <u>adopted</u>, 2010 WL 5376359 (E.D. La. Dec. 14, 2010); <u>Silvo v. Cain</u>, No. 09-CV-3692, 2009 WL 3151166 at *1 (E.D. La. Sept. 30, 2009).  It is also clear that "[o]nce a sentence imposed for a conviction has fully expired, a federal <u>habeas</u> <u>corpus</u> petitioner is no longer considered to be 'in custody' with respect to that conviction." <u>Id</u>. (citing <u>Maleng v. Cook</u>, 490 U.S. 488, 492, 109 S.Ct. 1923, 1926 (1989)).  Applying those precepts to the matter at hand, because the sentences imposed on Robinson's 1988 and 1990 firearms convictions expired by their very terms many years ago, the Court lacks subject matter jurisdiction to entertain direct challenges to those convictions. <u>Id</u>.; <u>Emerson</u>, 2010 WL 5375984 at *2; <u>Silvo</u>, 2009 WL 3151166 at *1.

However, construing Robinson's petition, as amended, with the liberality to which such pleadings are entitled, <u>McCormick v. Radar</u>, 3 F.3d 436, 1993 WL 436870 at *3 (5th Cir. 1993), he states that he is presently serving a fifty-year sentence that was imposed following his October 10, 1991 conviction in case No. 344-417, a

3

sentence that was enhanced based upon his 1990 firearms conviction. (Rec. docs. 1, 11).  As so construed, however, Robinson's petition is still subject to dismissal for at least two reasons.

First, Robinson has previously and unsuccessfully challenged his 1991 conviction here on two separate occasions.  <u>Robinson v. LeBlanc</u>, No. 04-CV-1285, 2008 WL 506151 (E.D. La. Feb. 21, 2008), <u>cert</u>. <u>of</u> <u>app</u>. <u>denied</u>, No. 08-30286 (5th Cir. Apr. 30, 2009), <u>cert</u>. <u>denied</u>, 558 U.S. 951, 130 S.Ct. 405 (2009); <u>Robinson v. Cain</u>, No. 98-CV-2654 (E.D. La. Feb. 7, 2000), <u>cert</u>. <u>of</u> <u>app</u>. <u>denied</u>, No. 00-30204 (5th Cir. Nov. 17, 2000).  In light of those prior proceedings, Robinson may not pursue another challenge to his 1991 conviction without first obtaining authorization from the United States Court of Appeals for the Fifth Circuit for leave to file a successive habeas petition.  28 U.S.C. §2244(b); <u>Fields</u>, 2012 WL 6674032 at *2; <u>Silvo</u>, 2009 WL 3151166 at *2.  Because Robinson has not complied with that requirement, the Court is without jurisdiction to entertain yet another challenge to his 1991 conviction.  <u>Burton v. Stewart</u>, 549 U.S. 147, 153, 127 S.Ct. 793, 796 (2007);  <u>Fields</u>, 2012 WL 6674032 at *2; <u>Silvo</u>, 2009 3151166 at *2.

Second, and perhaps more importantly, any challenge to Robinson's 1991 conviction and his subsequent multiple offender adjudication and sentence is foreclosed by <u>Lackawanna County</u>

4

District Attorney v. Cross, 532 U.S. 394, 121 S.Ct. 1567 (2001).

In Lackawanna, the Supreme Court held as follows:

> we hold that once a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid. If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under §2254 on the ground that the prior conviction was unconstitutionally obtained.
>
> Id. at 403-04,
> 121 S.Ct. at 1574
> (citation omitted).

The sentences that were imposed following Robinson's 1988 and 1990 firearms convictions expired long ago and the convictions are no longer open to direct or collateral attack. Lackawanna thus clearly precludes him from challenging his 1991 enhanced sentence in a §2254 petition on the ground that his 1988 and/or 1990 firearms convictions were illegal. Fields, 2012 WL 6674032 at *2; Silvo, 2009 WL 3151166 at *2. The limited exceptions noted in Lackawanna are not applicable here as Robinson had counsel at both his 1988 and 1990 plea proceedings and he has had ample opportunity to challenge those convictions over the intervening years. Lackawanna, 532 U.S. at 404-05, 121 S.Ct. at 1574-75; Fields, 2012 WL 6674032 at *2 n.6; Silvo, 2009 WL 3151166 at *2 n.3.

## RECOMMENDATION

For the foregoing reasons, it is recommended that the

5

application for federal habeas corpus relief of Darrin Robinson be dismissed with prejudice.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  Douglass v. United Services Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

New Orleans, Louisiana, this __10th__ day of ___June_____, 2013.


_____
ALMA L. CHASEZ
UNITED STATES MAGISTRATE JUDGE

6