```
                UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF LOUISIANA
```

DARRIN ROBINSON                                CIVIL ACTION

VERSUS                                         NO: 12-0671

STEVE C. RADER                                 SECTION: R(5)

**ORDER**

Before the Court is Darrin Robinson's petition for federal *habeas corpus* relief under Title 28, United States Code, Section 2254. The Magistrate Judge has recommended that Robinson's petition be dismissed with prejudice.[1] The Court, having reviewed de novo the petition, the record, the applicable law, the Magistrate's Report and Recommendation, and the petitioner's objections thereto, hereby approves the Magistrate's Report and Recommendation and adopts it as its opinion. Robinson's objections to the Magistrate's Report merely restate the substance of his initial petition, and the Court agrees with the Magistrate that the contentions therein lack merit. Accordingly, Robinson's petition is hereby dismissed with prejudice.

Rule 11 of the Rules Governing Section 2254 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate

---

[1] R. Doc. 21.

should issue."[2] A court may only issue a certificate of appealability if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The "controlling standard" for a certificate of appealability requires the petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented [are] 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). With respect to claims denied on procedural grounds, the petitioner must make a two-part showing: (1) that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling," and (2) that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Johnson v. Quarterman*, 483 F.3d 278, 284 (5th Cir. 2007) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Robinson's application does not satisfy these standards. As the Magistrate noted, the sentences for the convictions that Robinson challenges in his petition "expired long ago and the convictions are no longer open to collateral attack."[3] The guilty pleas leading to those convictions occurred over 20 years ago --

---

[2]  RULES GOVERNING SECTION 2254 PROCEEDINGS, Rule 11(a).

[3]  R. Doc. 21 at 5.

in 1988 and 1990, respectively -- and thus the one-year limitations period for federal *habeas* claims has long since passed. Accordingly, under *Lackawanna County District Attorney v. Cross*, 532 U.S. 394 (2001), the 1988 and 1990 convictions are "conclusively valid" and a sentence enhanced because of those convictions may not be challenged through a petition under § 2254. *Id.* at 403-04. None of the exceptions to that general rule are applicable to this case. *See id.* at 404-06.

For the foregoing reasons, the Court DENIES Robinson's petition for federal habeas corpus relief and DENIES the issuance of a certificate of appealability.

New Orleans, Louisiana, this __28th__ day of June, 2013.

_____

SARAH S. VANCE

UNITED STATES DISTRICT JUDGE